**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 44**

Docket No. AT-3330-13-0146-I-1

**Philip M. Modeste,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

June 19, 2014

Philip M. Modeste, Minneola, Florida, pro se.

Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The agency has filed a petition for review of the initial decision which granted the appellant's request for corrective action in his Veterans Employment Opportunities Act of 1998 (VEOA) appeal.  For the reasons that follow, we DENY the agency's petition for review and AFFIRM the administrative judge's initial decision granting the appellant's request for corrective action under VEOA.

BACKGROUND

¶2　　　The appellant, an honorably discharged veteran with over 6 years of military service, applied for a position with the agency as a Medical Administrative Specialist (Trainee).  Initial Appeal File (IAF), Tab 9 at 25-39.  The agency's vacancy announcement solicited applications from all "United States Citizens" and noted that the position was a full-time temporary position not-to-exceed (NTE) 2 years.  IAF, Tab 5, Subtab 3.  The agency did not select the appellant for the position and, in an undated letter, informed him that it had selected a current agency employee.  IAF, Tab 11 at 25.

¶3　　　The appellant filed a complaint with the Department of Labor alleging a violation of his right to compete under VEOA, IAF, Tab 11 at 14-16, and subsequently filed a timely VEOA appeal with the Board, IAF, Tab 1.  Following a hearing, the administrative judge issued an initial decision finding that the agency violated the appellant's right to compete under 5 U.S.C. § 3304(f)(1) by placing applicants into different groups for consideration based upon their status as internal or external applicants without regard to their preference eligibility or veterans' status.  *See* Initial Decision (ID) at 4-5.  At the hearing, the agency's human resources officials testified that, pursuant to the agency's master labor agreement, applicants were divided into three groups—those who worked at the facility which posted the job vacancy; those who worked for the agency outside of the facility; and all others.  *Id*.  The administrative judge rejected the agency's claim that the master labor agreement provided a valid basis for not considering the appellant's application, *id*. at 6, 8-9, and he further found that the agency admitted that it never considered the appellant's application because it was not included among the group of applications from which the selectee was chosen, *id*. at 4-5 (explaining that the selectee was a current agency employee and that the

agency did not review the applications of external candidates).[1] Based upon the agency's admissions, the administrative judge found that the agency violated the appellant's right to compete for a vacant position under 5 U.S.C. § 3304(f)(1), and he ordered the agency to reconstruct its hiring process. *Id*. at 12.

¶4     The agency has filed a petition for review raising two challenges to the administrative judge's initial decision. *See* Petition for Review (PFR) File, Tab 1. First, citing an Office of Personnel Management (OPM) website, the agency argues that it did not violate the appellant's right to compete because the position at issue was a temporary position and that the VEOA "can only be utilized when filling permanent, competitive service positions." PFR File, Tab 1 at 4. Second, the agency asserts that the appellant's appeal is moot because, as a matter of law, the appellant is not entitled to the relief which the administrative judge ordered. *Id*. at 5, 6-9. The appellant has not responded to the agency's petition for review. For the reasons that follow, we find that the agency's arguments are unpersuasive.

## ANALYSIS

The administrative judge properly ordered corrective action based upon a violation of the appellant's right to compete under 5 U.S.C. § 3304(f)(1).

¶5     We have reviewed the initial decision and agree with the administrative judge's well-reasoned and thorough analysis finding a violation of the appellant's right to compete under 5 U.S.C. § 3304(f)(1). At the hearing, several of the agency's human resources officials confirmed that the agency solicited applications from individuals both within and outside of its workforce and that, in

---

[1] Although the Standard Form (SF)-50 the appellant submitted in connection with his application reflected that he was not an agency employee, he was actually serving in a term position with the agency at a different facility at the time of his application. ID at 5; IAF, Tab 9 at 39 and Tab 11 (SF-50 appointing appellant to term position effective May 2012). We find that this does not affect the outcome of this appeal, given the nature of the agency's violation of 5 U.S.C. § 3304(f)(1).

considering those applications, it segregated applicants into different groups based upon the applicants' employment status with the agency without regard to their preference eligibility or veterans' status. ID at 4-5. The agency's witnesses, moreover, confirmed that the appellant's application for employment was not among those first considered because it did not reflect that the appellant was an employee of the agency and that the agency made a selection for the position without reviewing the applications from each group. *Id.* at 4-5 (citing hearing testimony).

¶6      We concur with the administrative judge that such a fragmentation of applications, without regard to the applicants' preference eligibility or veterans' status, is contrary to 5 U.S.C. § 3304(f)(1). *See id.* at 7-10; *Boctor v. U.S. Postal Service*, 110 M.S.P.R. 580, ¶¶ 6-9 (2009) (finding that the agency violated the appellant's right to compete under 5 U.S.C. § 3304(f)(1) when it solicited applications from outside of its workforce but failed to consider the appellant's). We further agree with the administrative judge that the agency's reliance on its master labor agreement as a justification for its actions does not excuse the agency's violation of the appellant's right to compete under 5 U.S.C. § 3304(f)(1). *Cf. Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 10 (2010) (an agency's internal policy may not override applicable statutes, including 5 U.S.C. § 3304(f)(1)); *Boctor*, 110 M.S.P.R. 580, ¶ 9 (rejecting agency's claim that it was required to consider internal candidates before external candidates under its internal procedures).

Section 3304(f)(1) provides a preference eligible or veteran a right to compete for a vacant position, not just a permanent, competitive service position.

¶7      The agency argues on petition for review that the administrative judge erred in ordering corrective action because the vacancy at issue was for a temporary, NTE position and that the VEOA "can only be utilized when filling permanent, competitive service positions." PFR File, Tab 1 at 4. The agency cites to an OPM website in support of its argument, which provides in relevant

part that VEOA "is a competitive service appointing authority that can only be used when filling permanent competitive service positions." *Id.* (citing www.fedshirevets.gov/jobs/shav/index.aspx).

¶8        Section 3304(f)(1) of Title 5 provides that

> [p]reference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for *vacant positions* for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion principles.

5 U.S.C. § 3304(f)(1) (emphasis added). The statute's text unambiguously provides that a preference eligible or veteran shall not be denied the opportunity to compete for "vacant positions," and we find no support in the statutory text for the limitation advanced by the agency that the appellant's right to compete is limited to competition for a vacant permanent position. *See Benedetto v. Office of Personnel Management*, 32 M.S.P.R. 530, 534 (1987) (the plain language of a statute controls absent a clearly expressed legislative intention to the contrary), *aff'd sub nom. Horner v. Benedetto*, 847 F.2d 814 (Fed. Cir. 1988).

¶9        The agency's reliance on an OPM website in support of its argument does not change our analysis. Although OPM regulations concerning veterans' preference may be entitled to deference, informal information and guidance on an OPM website which has not been issued under the notice-and-comment rulemaking procedures used in promulgating regulations are not entitled to the same deference accorded regulations. *Jolley v. Department of Homeland Security*, 105 M.S.P.R. 104, ¶ 13 (2007). While positions expressed in issuances such as these may be entitled to some weight, the amount of weight to be given depends in part on factors such as the consistency of the agency's position on the subject, the formality with which the position is expressed, and the persuasiveness of the position. *Id.* We find that although the information cited by the agency is on an OPM website, which is intended to assist veterans,

agencies, and the public understand and apply veterans' preference laws, the agency's reliance on this information is misplaced.

¶10     First, the section of the OPM website cited by the agency is entitled "Special Hiring Authorities for Veterans." *See* PFR File, Tab 1 at 4 (citing OPM website). The legal issue raised by the appellant in this appeal, however, is a request for corrective action under the VEOA's remedial mechanism, and the appellant has not argued that he should have been appointed to the position in question under a special hiring authority. *See* IAF, Tab 1; 5 U.S.C. § 3330a(a)(1)(B); *Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 13 n.6 (2007). The information provided by OPM on its website, therefore, addresses when an agency can rely on an applicant's preference eligibility or veterans' status in making a hiring decision and does not serve to restrict an appellant's right to compete for a vacancy under 5 U.S.C. § 3304(f)(1). *See, e.g.*, *Augustine v. Department of Veterans Affairs*, 88 M.S.P.R. 407, ¶ 15 n.6 (2001) (discussing the noncompetitive appointment of certain veterans under 5 U.S.C. § 3302(f)(2) and 5 C.F.R. § 315.611).

¶11     Second, even if we were to read OPM's website as suggesting that an appellant has only a statutory right to compete for a permanent, competitive service position, which we do not, we would find that this guidance would not be entitled to deference because it is in clear contradiction to the text of the statute. *See, e.g.*, *Jolley*, 105 M.S.P.R. 104, ¶ 14 (rejecting OPM *VetGuide* provision interpreting § 3304(f)(1) because it includes no explanation for its interpretation of 5 U.S.C. § 3304(f)(1), and it refers to no supporting authority); *see also* *Vassallo v. Department of Defense*, 121 M.S.P.R. 70, ¶ 11 (2014) (finding OPM *VetGuide* interpretation of term "agency" within 5 U.S.C. § 3304(f)(1) unpersuasive because of lack of legal analysis or support). As explained above, the text of 5 U.S.C. § 3304(f)(1) clearly provides a preference eligible or veteran with the right to compete for "vacant positions" without qualification as to the duration of those positions.

¶12     Lastly, we have reviewed the Board's decisions applying 5 U.S.C. § 3304(f)(1), and we find no support for the agency's argument that an appellant's right to compete is limited to permanent positions of employment. The Board has consistently held that "under the plain language of 5 U.S.C. § 3304(f)(1), all covered individuals, including current employees and those seeking initial federal appointments, must be permitted to compete when applications will be accepted from persons outside the hiring agency's workforce." *Gingery*, 114 M.S.P.R. 175, ¶ 6. None of the Board's decisions hold or suggest that a preference eligible's or veteran's right to compete under 5 U.S.C. § 3304(f)(1) is confined to competition for a permanent position of federal employment.

The appellant's appeal is not moot because the agency must comply with the administrative judge's initial decision ordering corrective action and the appellant may be entitled to an award of damages.

¶13     Finally, we reject the agency's argument that the appellant's petition for review should be denied as moot because "the agency cannot hire the Appellant under the hiring authority of VEOA, which was the statutory basis on which he appealed and upon which the Administrative Judge erroneously relied." PFR File, Tab 1 at 6. As explained above, we agree that the agency violated the appellant's right to compete by not considering his application under 5 U.S.C. § 3304(f)(1). VEOA provides that, if the Board determines that an agency has violated a statute or regulation relating to veterans' preference, it "shall order the agency to comply with such provisions." 5 U.S.C. § 3330c*; Deems v. Department of the Treasury*, 100 M.S.P.R. 161, ¶ 19 (2005). Accordingly, an appellant whose veterans' preference rights were violated concerning a selection process is entitled to a selection process consistent with law. *Lodge v. Department of the Treasury*, 109 M.S.P.R. 614, ¶ 7 (2008). Because the agency has not yet reconstructed its selection process, and because the appellant could still request an award of damages, he has not yet received all of the relief to

which he may be entitled, and his appeal cannot be dismissed as moot. *See, e.g.*, *Williams v. Department of the Air Force*, 111 M.S.P.R. 356, 357 (2009).

¶14    In reconstructing its selection process, we note that the agency must remove from the position in question any individual improperly appointed and that the agency must engage in a real reconstruction process, not merely one that is hypothetical. *See Weed v. Social Security Administration*, 110 M.S.P.R. 468, ¶¶ 8-10 (2009). In removing any individual from the position in question, however, the agency need not remove the individual from federal service. *Id.*, ¶ 13.

## ORDER

¶15    We ORDER the agency to reconstruct the selection process for the Medical Administrative Assistant (Trainee) position, giving consideration to the appellant and any other preference eligible or veteran consistent with 5 U.S.C. § 3304(f)(1). *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶16    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶18     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulation, section 1201.113(c) 5 C.F.R. § 1201.113(c).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights.  5 U.S.C. § 3330c(a); 5 C.F.R. §1208.25(a).  If you are entitled to such compensation, and the violation is found to be willful, the Board has authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. § 3330c(a); 5 C.F.R. §1208.25(a).  You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision in your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.